I respectfully dissent.
As acknowledged in the majority decision, the staff hearing officer who heard this case made some obvious errors in considering the case. The staff hearing officer wrote that Johnnie Alston had driven all the way from Mobile, Alabama, to Toledo, Ohio, by way of New York. This mistake made it look as if Mr. Alston was capable of resuming his previous occupation as a truck driver.
Second, the staff hearing officer made a misstatement regarding Mr. Alston's job search.
More important than these two mistakes was the failure of the staff hearing officer to demonstrate consideration of all the reports presented. The staff hearing officer's order lists some items upon which the staff hearing officer did not rely but fails to list other items as being considered at all. I personally believe that State ex rel. Fultz v. Indus. Comm.
(1994), 69 Ohio St.3d 327, should be extended to include a requirement that all medical and vocational reports be listed and considered. Only with the benefit of such a list can a reviewing court be sure a given report was rejected, as opposed to being lost or overlooked. Given the two errors already pointed out to us on review, I am not willing to assume the omitted reports were considered.
I would grant a limited writ of mandamus requiring the commission to review the decision in consideration of this application for permanent total disability compensation. Since the majority of this panel does not issue such a writ, I respectfully dissent.